IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

NARIKA WILLIAMS, INDIVIDUALLY
AND AS THE WRONGFUL DEATH
BENEFICIARY OF CLARENCE
REGINALD WILLIAMS, DECEASED;
ET AL.                                    PLAINTIFFS/COUNTER-DEFENDANTS

VS.                                 CIVIL ACTION NO: 3:20CV00130-MPM-JMV

USAA CAUSUALTY INSURANCE
COMPANY                              DEFENDANT/COUNTER-CLAIMANT

ORDER GRANTING IN PART AND
DENYING IN PART DISCOVERY MOTIONS

Before the Court are Motion to Compel Deposition of Defendant USAA and/or for Sanctions [66] filed by Plaintiffs on April 28, 2021, and Motion to Quash Plaintiffs' Notice of 30(b)(6) Deposition of USAA Casualty Insurance Company and Motion for Protective Order [67] filed by USAA on April 29, 2021. The undersigned ordered expedited briefing and held a telephonic hearing May 10, 2021. During the hearing, the Court essentially consolidated its rulings on the parties' dueling motions by ruling seriatim on the subject 30(b)(6) topics and requests that are at issue in both motions. Consistent with the Court's oral ruling, the following is ordered:

**30(b)(6) Topics**

1. The person or persons knowledgeable about all documents produced.

**Ruling: There is no dispute regarding this topic.**

2. The person or persons knowledgeable at USAA as to guidelines, procedures, and information regarding current case evaluation range and case evaluation reports.

**Ruling: This topic is withdrawn by Plaintiffs and moot as concerns Defendant.**

3. The person or persons knowledgeable at USAA regarding handling of underinsured motorist claims and the evaluation process of an underinsured motorist claim in Mississippi.

**Ruling: This topic is overly broad. Plaintiffs may, however, seek the following: "The person or persons knowledgeable at USAA regarding handling of the subject claim."**

4. The person or persons knowledgeable at USAA regarding requirements of adjusters handling underinsured motorist claims in Mississippi under the auto claim manual.

**Ruling: This topic was withdrawn by Plaintiffs, making Defendant's motion moot in this regard.**

5. The person or persons knowledgeable at USAA concerning uninsured/underinsured motorist coverage in Mississippi.

**Ruling: This topic is too broad. Plaintiffs may seek: "The person or persons knowledgeable at USAA concerning Mississippi uninsured/underinsured motorist coverage on this claim." Accordingly, this topic is allowed only to the extent it is limited to the subject claim and the facts that make the basis of any coverage decision in this case.**

6. The person or persons knowledgeable at USAA regarding USAA's finding that its uninsured motorist coverage does not apply to Adrianne Gilmore's claim for Clarence Williams's death.

**Ruling: Plaintiffs' motion to compel is granted as modified: "The person or persons knowledgeable at USAA regarding USAA's finding, *if any*, that its uninsured motorist coverage does not apply to Adrianne Gilmore's claim for Clarence Williams's death."**

7. The person or persons knowledgeable at USAA regarding all legitimate and arguable reasons to deny coverage to Plaintiffs under the subject underinsured motorist policy after demand for same.

**Ruling: Plaintiffs' motion is granted as modified: "The person or persons knowledgeable at USAA regarding all legitimate and arguable reasons to deny coverage (if this is the company's position) to Plaintiffs under the subject underinsured motorist policy after demand for same."**

8. The person or persons knowledgeable at USAA regarding the evaluation and continuing adjustment or investigation of the Plaintiffs' uninsured motorist claim after the filing of this lawsuit.

**Ruling: Plaintiffs' motion is granted as modified: "The person or persons knowledgeable at USAA regarding the evaluation and continuing adjustment or investigation of the Plaintiffs' uninsured motorist claim after the filing of this lawsuit (this covers any facts known but not communications protected by attorney-client or other identified privilege)."**

9. The person or persons knowledgeable at USAA regarding USAA's documents, rules, guidelines, and manuals on Mississippi uninsured motorist claim handling.

**Ruling: This topic is too broad, and Plaintiffs' motion is denied in this respect; Defendant's motion is granted as it relates to this topic.**

10. The person or persons knowledgeable at USAA regarding arguable bases for denial in Mississippi uninsured motorist claims.

**Ruling: This topic is withdrawn by Plaintiffs and moot as concerns Defendant.**

11. The person or persons most knowledgeable about the subject claim.

**Ruling: There is no dispute regarding this topic.**

12. The person or persons knowledgeable at USAA regarding whether the Plaintiffs are legally entitled to uninsured motorist coverage under the applicable policy.

**Ruling: Plaintiffs' motion is denied with respect to this topic, and Defendant's motion is granted in this respect.**

13. The person or persons knowledgeable at USAA concerning the good faith basis denying coverage on this claim.

**Ruling: This topic is vague but, nevertheless, granted to the extent it is limited to an inquiry about only the factual basis for denying coverage, if coverage has been denied.**

14. The person or persons knowledgeable at USAA regarding all claims made in the Complaint, discovery responses, and the Answer filed in this matter.

**Ruling: This topic is withdrawn by Plaintiffs and moot as concerns Defendant.**

15. The person or persons knowledgeable at USAA as to what documents were evaluated and when at every stage of these claims.

**Ruling: Plaintiffs' motion is granted as to this topic, and Defendant's motion is denied as to this topic.**

16. The person or persons knowledgeable at USAA regarding information relevant to all responses to all Plaintiffs' Requests for Admission propounded to Defendant USAA.

**Ruling: This topic is too broad but, nevertheless, allowed as modified: "The person or persons knowledgeable at USAA regarding all facts upon which any denial of Plaintiffs' Requests for Admission was made."**

17. The person or persons knowledgeable about any other claims made by Clarence Williams for uninsured motorist coverage under the subject policy, particularly the claim arising from a motor vehicle collision in October 2018, in Louisiana.

**Ruling: Plaintiffs' motion is granted as relates to this topic but is limited to the discovery of facts on the same or related matters (i.e., Williams' marital status, his**

4

**residency, and his status as an insured under the subject policy) that are at issue in this case.**

### Requests for Production

1. All documents which the deponent has utilized or may need to refresh his or her recollection as to any of the issues made the basis of this lawsuit.

   **Ruling: The request is denied for being overly broad and vague.**

2. All documents, including, but not limited to, bills, correspondence, studies, investigations, medical records, medical evaluations, surveillance videos, photographs, reports, related to Plaintiffs, and/or their vehicles not previously provided.

   **Ruling: This request is too broad but, nevertheless, allowed to the extent it is modified to include: "USAA's claim file for Plaintiff's uninsured/underinsured motorist claim and any documents, not privileged, that were considered in making a coverage decision on this claim." Defendant must properly identify and produce a privilege log with respect to documents withheld under a claim of privilege.**

3. All documents which the deponent plans to consult or rely upon in preparation for the deposition.

   **Ruling: The request is withdrawn by Plaintiffs and moot as concerns Defendant.**

4. All documents that refer or relate to the items above as the subject matter of the Rule 30(b)(6) deposition.

   **Ruling: The request is withdrawn by Plaintiffs and moot as concerns Defendant.**

5. All documents which reflect any information encompassed in the EXHIBIT A and EXHIBIT B set out above.

   **Ruling: The request is withdrawn by Plaintiffs and moot as concerns Defendant.**

6. USAA's Claim File for Plaintiffs' underinsured motorist claim.

**Ruling: The request is withdrawn by Plaintiffs and moot as concerns Defendant.**

7. USAA's activity and/or handling log for Plaintiffs' underinsured motorist claim.

**Ruling: The request is withdrawn by Plaintiffs and moot as concerns Defendant.**

8. All documents requested by Plaintiffs in Request for Production as previously propounded, if not already produced.

**Ruling: The request is withdrawn by Plaintiffs and moot as concerns Defendant.**

Finally, because the Court finds the parties share a measure of fault as relates to the necessity of the filing of the instant motions, sanctions are not warranted in this case. Ultimately, the parties are directed to confer and set Defendant's deposition at a place convenient for the 30(b)(6) representative(s) and complete same on or before May 28, 2021.

**SO ORDERED** this 12th day of May, 2021.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE