IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| NARIKA WILLIAMS, CLARENCE WILLIAMS, JR., RAYNETTA WILLIAMS, BRICE THOMPSON, AND ADRIANNA WILLIAMS, Individually and as the Wrongful Death Beneficiaries of Clarence Reginald Williams, Deceased | PLAINTIFFS |
| V. | NO: 3:20CV130-M-JMV |
| USAA CASUALTY INSURANCE COMPANY | DEFENDANT |

**MEMORANDUM OPINION**

Before the Court are seven motions in limine filed by Plaintiffs [106, 107, 109, 111, 113, 136, 143] and five motions in limine filed by Defendant USAA Casualty Insurance Company ("USAA") [102, 104, 114, 149, 157]. The Court will address these motions in limine in the order of their filing.

**Motion in Limine [102]**

Defendant filed this motion in limine [102] requesting this Court to exclude trial testimony, along with any assertion, discussion, mention, suggestion, or argument by Plaintiffs and Plaintiffs' counsel, regarding any conscious pain and suffering by Clarence Williams prior to his death on January 30, 2019, or any damages for conscious pain and suffering. There can be no recovery for pain and suffering where death in an accident is instantaneous. *M&M Pipe and Pressure Vessel Fabricators, Inc. v. Roberts*, 531 So.2d 615, 621 (Miss. 1988). The plaintiff has the burden to proof both survival and consciousness after the accident. *Id.* (citing *Avery v. Collins*, 171 Miss. 636, 647, 157 So.695, 698 (1934). USAA argues that plaintiffs have provided no evidence that Williams survived being struck by one or more vehicles and there are no witnesses who can testify

1

that Williams was conscious after being struck. Plaintiffs have stipulated that they will not seek damages for Clarence Williams' conscious pain and suffering. Thus, USAA's Motion in Limine [102] is GRANTED.

**Motion in Limine [104]**

Defendant USAA requests this Court to exclude any argument, assertion, presentation of evidence, discussion, mention, or suggestion by Plaintiffs regarding any future loss of earnings and/or household services as a result of the death of Clarence Williams on January 30, 2019. USAA argues that there is an absence of evidence to support any claim on which a jury could assess the net value of any future loss of earnings or loss of household services. Plaintiffs have stipulated that they will not seek economic damages for loss of future earnings and/or loss of household services, thus USAA's Motion in Limine [104] is GRANTED.

**Motion in Limine [106]**

Plaintiffs' first motion in limine [106] requests the Court to order the Defense not to refer to Tate County Coroner, Pat Kizziah, as a "medical examiner." Plaintiffs argue that referring to Pat Kizziah as a medical examiner attributes to him knowledge, expertise, and qualifications that he does not have. Also, during the deposition of Pat Kizziah, he corrected defense counsel and stated that he is a coroner, not a medical examiner. However, Pat Kizziah's title is Chief County Medical Examiner Investigator (CMEI), and Pat Kizziah's reports also have the acronym "CMEI" next to his signature. The Court finds no reason why Pat Kizziah could not be referred to by his title of Chief County Medical Examiner Investigator, and thus plaintiffs' first motion in limine [106] is DENIED.

**Motion in Limine [107]**

Plaintiffs' second motion in limine [107] requests the Court to exclude any opinions from Pat Kizziah or T'Quan Partlow regarding where Clarence Williams was located when he was first struck by a vehicle. Plaintiffs argue that neither Pat Kizziah nor T'Quan Partlow are accident reconstruction experts, and allowing either to testify as to their opinion of the location of Clarence Williams when first struck would constitute an expert opinion. USAA argues that their opinion as to Williams' location when first struck by a vehicle is a proper lay opinion, based on personal perception from viewing the physical evidence at the scene of the accident.

A police officer not qualified as an accident reconstruction expert can testify as to what he found and observed at an accident scene. *Ware v. State*, 790 So.2d 201, 207 (Miss. Ct. App. 2001). "Police officer's testimony as to the cause of an accident, based on training, experience in investigation, etc., would be considered accident reconstruction testimony" which is allowable through expert testimony. *Roberts v. Grafe Auto Co., Inc.*, 701 So.2d 1093, 1099 (Miss. 1997). The Fifth Circuit has also approvingly cited *Ernst* which held that an officers' lay opinion testimony was admissible only to the extent that it pertained to the point of impact. *Duhon v. Marceaux*, 33 Fed.Appx. 703, 2002 WL 432383, at *4 (5th Cir. 2002) (citing *Ernst v. Ace Motor Sales, Inc.*, 550 F.Supp. 1220, 1223 (E.D. Pa. 1982). The Court in *Ernst* reasoned that the officers' opinion "about the point of impact was based upon his perception of physical evidence at the accident scene; more particularly, his opinion was based upon a trail of debris leading from the highway to the plaintiff's car." *Ernst*, 550 F.Supp. at 1223. The Court finds that officer T'Quan Partlow may offer his opinion as to the point of impact without providing testimony as to causation.

However, the Court finds no authority that would permit Pat Kizziah to offer similar "point of impact" testimony.

Thus, the plaintiffs second motion in limine [107] is GRANTED IN PART and DENIED IN PART.

**Motion in Limine [109]**

Plaintiffs' third motion in limine requests the Court to exclude from evidence the diagram and narrative in the Uniform Crash Report ("UCR") made by T'Quan Partlow and the opinions contained in the UCR. Similar to plaintiffs' second motion in limine, plaintiffs argue that the diagram, narrative, and opinions in the report are opinions that would require expert testimony. Defendants argue that the opinions are based on first-hand observations made at the scene.

Plaintiffs have objected to the following portions of Officer T'Quan Partlow's accident report: a diagram illustrating where he believes Betty Weaver struck Clarence Williams, an opinion that Betty Weaver had "no apparent improper driving", and an opinion that Clarence Williams contributed to the accident through pedestrian actions. Similar to the last motion in limine, courts have found officer's opinions as to causation, improper driving, and illustrating the reconstruction of an accident to all be accident reconstruction testimony, which is only allowed if the officer is properly qualified. *Mitchell v. Barnes,* 96 So.3d 771, 779 (Miss. Ct. App. 2012). The diagram, narrative, and opinions offered in the UCR go beyond the officer's ability to testify as to "point of impact" without getting into causation or accident reconstruction. Thus, the Court finds that these aspects of the Uniform Crash Report objected to by the plaintiffs, besides the opinion of point of impact, to constitute accident reconstruction and opinions as to causation, and therefore require an expert in accident reconstruction. Plaintiffs' third motion in limine [109] is GRANTED.

**Motion in Limine [111]**

Plaintiffs' fourth motion in limine requests the Court to exclude from evidence the alleged statements of Robert Higgins and the alleged statements that Ms. Gilmore referred to Clarence Williams as a friend to USAA.

1. On January 8, 2019, USAA sent an email to Ms. Gilmore which referred to Clarence Williams as her husband. This email from USAA was drafted and sent by an adjuster named Robert Higgins. USAA's corporate representative, Brian Faucheaux, testified that Robert Higgins told Faucheaux he was "confused and mistakenly assumed that Ms. Gilmore was the wife" and that "he had no knowledge or information to suggest that it was disclosed that they were husband and wife." USAA's argument in response is simply that there is no reason to exclude information Faucheaux developed in preparation for the corporate notice of deposition to USAA. "Once a party has properly objected to evidence as inadmissible hearsay, the burden shifts to the proponent of the evidence to show, by a preponderance of the evidence, that the evidence falls within an exclusion or exception to the hearsay rule and was therefore admissible." *Loomis v. Starkville Miss. Pub. Sch. Dist.*, 150 F.Supp.3d 730, 742-43 (N.D. Miss.2015). USAA has offered no argument as to any exclusion or exception the statement may fall into and has not even argued that the statement is not being offered for the truth of the matter asserted. Thus, the Court finds the alleged statements by Robert Higgins to Brian Faucheaux to be inadmissible hearsay, and plaintiffs' motion in limine to this statement is GRANTED.

2. In October of 2018, Ms. Gilmore was reporting a wreck in which Clarence Williams was involved to USAA. During this conversation, Ms. Gilmore allegedly referred to Clarence Williams as a "friend." Plaintiffs argue that this alleged statement is hearsay and inadmissible. USAA argues that Ms. Gilmore's statement was notated by USAA and recorded in the regularly

kept business records of USAA, as part of the usual conduct of its business. USAA states that part of its regular business practice is to record information provided by customers in its Claim Activity Reports. Unlike the statement between Brian Faucheaux and Robert Higgins where there is no written record, there is a written record of Ms. Gilmore's statement, as it was recorded as part of USAA's regular business practices when speaking with an insured customer. USAA has sufficiently laid a foundation to introduce this evidence under the business record exception to hearsay, and thus the plaintiffs' motion to this statement is DENIED.

Plaintiffs' fourth motion in limine is therefore GRANTED IN PART and DENIED IN PART.

**Motion in Limine [113]**

Plaintiffs fifth motion in limine [113] requests this Court to exclude any evidence of Clarence Williams' prior criminal charges and convictions. Plaintiffs argue that the charges upon which he was convicted are irrelevant and unfairly prejudicial, and plaintiffs also argue that Clarence Williams' 2017 arrest which resulted in the misdemeanor charge being dismissed is also irrelevant. USAA argues that the felony convictions are relevant to show whether Clarence Williams could be considered a resident of Ms. Gilmore's home while on parole. While the fact that Clarence Williams was convicted of felonies that led to him being on parole may be admissible, the factual details surrounding the underlying offenses are not relevant to this action and are of little probative value. The prejudicial effect of evidence of the offenses committed and factual details surrounding the convictions outweigh the little probative value they offer. Evidence of Clarence Williams' 2017 arrest is irrelevant and unduly prejudicial, as the charges were dismissed. The Court does not agree that "any" evidence of Clarence Williams' status as a convicted felon should be excluded, but the Court does find that the evidence should be limited to

only establish that Williams was convicted of felonies, and that led to his being on parole. The plaintiffs' fifth motion in limine is therefore GRANTED IN PART and DENIED IN PART.

**Motion in Limine [114]**

USAA's omnibus motion in limine [114] seeks the exclusion of multiple items. Plaintiffs argue that USAA's omnibus motion in limine sets forth a lengthy laundry list of matters, most of them of a highly vague nature, which should be dealt with by contemporaneous objections at trial. The Court, however, finds this order to be an appropriate time to rule on this motion in limine.

1. USAA seeks exclusion of any reference to the size, corporate status, financial condition, and net worth of USAA at trial. Plaintiffs concede that appealing to the jury to find against USAA due their corporate status or referring to the net worth of USAA at the compensatory damages stage would be appropriate. Thus, USAA's motion in limine is GRANTED to part 1.

2. USAA seeks exclusion of inappropriate comments regarding USAA's counsel. Plaintiffs state there is no intent to make inappropriate comments regarding USAA's counsel and thus USAA's motion in limine is GRANTED as to part 2.

3. USAA seeks exclusion of inappropriate comments regarding USAA as an out-of-state corporation. Plaintiffs state that USAA will not be referred to as an out-of-state corporation. Thus, USAA's motion in limine is GRANTED as to part 3.

4. USAA seeks exclusion of any reference to "punishing" USAA, sending a message, or changing their conduct in the future. Plaintiffs state they will not ask the jury to punish USAA or send a message to USAA unless there is a punitive damages phase of this trial. Thus, USAA's motion in limine as to part 4 is GRANTED IN PART and DENIED IN PART.

5. USAA seeks exclusion of any references to jurors "changing places" with Plaintiffs and other "Golden Rule" arguments. Plaintiffs state the jury will not be asked to put themselves in the place of the Plaintiffs. USAA's motion in limine as to part 5 is GRANTED.

6. USAA seeks exclusion of any evidence of USAA's past conduct. The Court finds this part of the motion in limine to be overbroad, and thus USAA's motion in limine as to part 6 is DENIED.

7. USAA seeks exclusion of any testimony or other evidence from Plaintiffs regarding the accident or Clarence Williams' actions or conduct that is outside their personal knowledge. The admissibility depends upon evidentiary posture of specific proof, and thus the Court finds this part of the motion to be premature. USAA's motion in limine as to part 7 is DENIED.

8. USAA's motion in limine [114] also requests the Court to exclude any Comprehensive Reports from third-party vendors in connection with USAA's investigation of the uninsured motorist claim, which are inadmissible hearsay or double hearsay. USAA seeks to exclude comprehensive reports that were obtained by investigators in the special investigation unit of USAA. The reports were not created by USAA, and USAA argues they are not business records. The reports were obtained from a third party, Accurint, which gathers and collects information from various public records and other sources. USAA's argument is that these reports constitute double hearsay as they were prepared by a third-party with information supplied by other third-parties and/or public records. Plaintiffs argue that the comprehensive report falls into the hearsay exception of Rule 803(17) which states "Market quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations" are not excluded by the rule against hearsay. Plaintiffs state that since the report draws from "public records and commercially available data" and that USAA's special investigative unit ran the report as one that is generally relied on, it meets the exception in Rule 803(17). USAA has testified that this report

is run by the SIU when it gets a referral, and thus the Court finds this to be a part of USAA's general practices to obtain this report.  Thus, USAA's motion in limine as to part 8 is DENIED.

**Motion in Limine [136]**

Plaintiffs' sixth motion in limine requests the Court to exclude any improper and unsupported opinion testimony.

1.   2/6/2019 Call note

Jeremy Ramagos, Clarence Williams' parole officer, indicated on a call note that Ms. Gilmore indicated that the coroner's office and sheriff's office believe Clarence Williams' death was a suicide.  Plaintiffs argue that this portion of the note constitutes hearsay and should be excluded.  USAA argues that this statement is a statement by a party opponent, and therefore excluded from the definition of hearsay.  USAA also states that the statement is not being offered for the truth of the matter asserted, but instead to show that Ms. Gilmore had received information about the circumstances of Clarence Williams' death, which contradicts prior testimony that Ms. Gilmore had not received any information to explain how Clarence Williams died.  USAA also argues that the narrative report is exempted from hearsay as a record of a regularly conducted activity pursuant to FRE 803(6)(b).  As a parole officer, Ramagos kept a narrative log of events, information, and communication regarding Clarence Williams.  Ramagos did so in the course of his occupation, specifically as the parole officer to Clarence Williams.  Thus, plaintiffs' motion in limine is DENIED as to this argument.

2.   Certificate of death

On Clarence Williams death certificate, Pat Kizziah responded to the form "Describe how or by what means injury occurred" that Clarence Williams was a pedestrian walking on the highway and was intoxicated when he was hit by many vehicles.  Plaintiffs argue that Pat Kizziah

was unable to perform any type of alcohol level testing on Clarence Williams, and that Pat Kizziah has no personal knowledge sufficient to form an opinion on whether Clarence Williams was intoxicated at the time of the accident. The Court agrees that Pat Kizziah does not have sufficient personal knowledge to express an opinion on whether Clarence Williams was intoxicated, however, his observation of the smell of alcohol is rationally based on his perception, helpful to understand his testify or determine a fact in issue, and not based on scientific, technical, or other specialized knowledge. Plaintiffs' motion in limine is GRANTED as to the opinion regarding Clarence Williams' intoxication.

**Motion in Limine [143]**

Plaintiffs' seventh motion in limine seeks to exclude certain portions of the deposition testimony of Jeremy Ramagos, Clarence Williams' parole officer.

A.1. Page 22 Lines 19-22

Plaintiffs seek to exclude testimony where Ramagos stated that Clarence Williams was released from Rouge Parish prison when a pending charge was dismissed. Following the same reasoning when discussing plaintiffs' fifth motion in limine, the Court agrees that discussing a dropped charge would be unfairly prejudicial. Plaintiffs' motion in limine is GRANTED to this portion of testimony and thus it will be excluded.

A.2. Page 23 Lines 2-6

Plaintiffs seek to exclude testimony where Ramagos stated how long Clarence Williams was in prison for the dropped charge. The Court agrees that discussion of this time in prison for a dropped charge would be unfairly prejudicial. Thus, plaintiffs' motion in limine is GRANTED to this line of questioning.

B.1. Page 30 Lines 7-9 and Page 32 Lines 8-11

Plaintiffs seek to exclude testimony from Ramagos where he read from his narrative report stating Ms. Gilmore indicated that the coroner's office and the sheriff's office believed Clarence Williams' death could have been a suicide. Plaintiffs argue that this is hearsay. USAA argues that as a statement from Ms. Gilmore, it is not hearsay because it is an admission by a party opponent and demonstrates her state of mind on how or why Clarence Williams died. USAA also argues that the narrative kept by Ramagos is an exception to hearsay as it is kept as a business record. As the Court has decided in plaintiffs' sixth motion in limine [136], the testimony is admissible as regularly conducted activity pursuant to FRE 803(6)(b). Plaintiffs' motion in limine to this testimony is DENIED.

C.1. Page 31 Lines 2-8

Plaintiffs argue that p. 31 : 2-8 should be excluded, as it was objected to as leading. USAA states that the questions are not leading because the predicate fact in question had already been established through prior witness testimony. The Court finds the question was leading, and thus plaintiffs' motion in limine to this line of questioning is GRANTED.

C.2 page 31 Lines 17-25 through Page 32 Lines 1-4

Plaintiffs argue that p.31 : 17-25 through p.32 : 1-4 is speculative and irrelevant testimony from Ramagos. USAA states that there is nothing speculative about asking a witness what they intended to convey when the witness authored a written instrument. The Court finds this testimony to be speculative, and thus plaintiffs' motion in limine to this testimony is GRANTED.

C.3 Page 45 Lines 13-23

Plaintiffs argue that p.45 : 13-23 should be excluded as it is leading. USAA states that a question is not leading when the factual predicate of the question has already been established

11

through prior testimony, and since it was already established that Ms. Gilmore had reported to the parole officer that her and Clarence Williams were separated and he had traveled back to Mississippi to try and work things out, the question is not leading. The Court agrees with USAA that the question is not leading due to Gilmore and Clarence Williams' separation being established, along with testimony that he travelled back to "patch things up". Plaintiffs' motion is DENIED as to this testimony.

C.4 Page 46 Lines 10-21

Plaintiffs argue that p.46 : 10-21 should be excluded, as it was objected to as leading. USAA states that the question was not leading, and it simply affirms that the witness's use of the word "separated" and why it was used in the report. Plaintiffs' motion is DENIED to this testimony.

D.1. Page 32 Lines 16-25 through Page 33 Lines 1-6

Plaintiffs requests to exclude testimony about the convictions listed on the temporary travel permits, as it is irrelevant and highly prejudicial. USAA states that there is nothing prejudicial about asking what the contents are generally on a temporary travel permit. As the Court has previously decided in plaintiffs' motion in limine [113], the Court does find that all evidence of Clarence Williams' status as a convicted felon should be excluded, but the Court does find that the evidence should be limited to only establish that Williams was a convicted felon, and that led to his being on parole. The details such as evidence of the offenses committed and factual details surrounding the convictions outweigh the little probative value they offer. However, this motion seeks to exclude testimony that provides no details about his felonies, except to show that his convictions would be listed on the permit. The Court finds this to be irrelevant, and thus plaintiffs' motion in limine is GRANTED to this testimony.

**Motion in Limine [149]**

USAA requests that the Court strike certain deposition testimony of Jeremy Ramagos.

1. Page 36, Line 23 – Page 37, Line 16 and Page 38, Line 17-22

USAA argues that Plaintiffs' counsel was leading the witness and misrepresented the plain language of the travel permit. Plaintiffs' argument in response points to Ramagos' testimony stating that the travel permit to Mississippi could have been done separately, although he cannot find it. As plaintiffs argue, Ramagos has written in his narrative notes that Clarence Williams was given a travel permit to travel between Mississippi and Arkansas. The Court holds that the motion to exclude this deposition testimony is DENIED.

2. Page 39, Line 10-19

USAA objects to this line of questions because plaintiffs' counsel failed to provide a foundation as to what "other testimony in this case" was being referred to and did not present the factual predicate for the witness to either agree or disagree. USAA also argues that the question is speculative and not helpful to the jury. Plaintiffs stipulate to striking this question and response, and thus the Court will order that this line of questioning be stricken. USAA's motion on this line of testimony is GRANTED.

3. Page 44, Line 12-20

USAA objects to this question, arguing that that it is not relevant, speculative, and lacks foundation. Plaintiffs state that USAA was previously told by Ramagos that Clarence Williams had been on passes in Mississippi and argue that this lays a foundation for the questions. While Ramagos did not remember the conversation, USAA argues that asking him how he would have responded to an inquiry about Clarence Williams whereabouts is both relevant and non-

speculative. The Court finds the question and answer too speculative, and thus USAA's motion on this line of testimony is GRANTED.

**Motion in Limine [157]**

USAA's motion in limine seeks to strike certain arguments and exhibits attached to Plaintiffs' response to Defendant's Objections to Plaintiffs' Examination of Jeremy Ramagos [148], and Plaintiffs' supplemental responses to Defendant's objections to Plaintiffs' examination of Jeremy Ramagos [153]. USAA argues that Plaintiffs cannot oppose USAA's motion regarding Ramagos' trial testimony by using documents that were not listed in the Pre-Trial Order or not itroduced in Ramagos' deposition. The evidence that is referenced is not in the record and came from an earlier deposition of Ramagos where he testified that travel permits could have not been filed or never made it to the file. The use of testimony from discovery in an unrelated action should not be used without proper procedure and notice. However, this ruling does not impact the Court's decision on the motion in limine regarding Page 38, Line 17-22 of Ramagos' deposition. USAA's motion in limine is GRANTED. The Court notes that the parties need to learn the true issues and critical facts in their case. These squabbles over side issues, and this observation applies to many of the filings in this case, only serve to confuse the issues and waste resources.

**Conclusion**

Having reviewed the motions in limine and the responses, along with the relevant authorities, it is therefore **ORDERED**:

1. USAA's motion [102] is **GRANTED**

2. USAA's motion [104] is **GRANTED**

3. Plaintiffs' motion [106] is **DENIED**

4. Plaintiffs' motion [107] is **GRANTED IN PART** and **DENIED IN PART**

5. Plaintiffs' motion [109] is **GRANTED**

6. Plaintiffs' motion [111] is **GRANTED IN PART** and **DENIED IN PART**

7. Plaintiffs' motion [113] is **GRANTED IN PART** and **DENIED IN PART**

8. USAA's motion [114] is **GRANTED IN PART** and **DENIED IN PART**

9. Plaintiffs' motion [136] is **GRANTED IN PART** and **DENIED IN PART**

10. Plaintiffs' motion [143] is **GRANTED IN PART** and **DENIED IN PART**

11. USAA's motion [149] is **GRANTED IN PART** AND **DENIED IN PART**

12. USAA's motion [157] is **GRANTED**

**SO ORDERED**, this 13th day of October, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI**